HON. THOMAS A. ROBINSON Corporation Counsel, Plattsburgh
We acknowledge receipt of your letter inquiring whether a city may enact a local law requiring an applicant for employment by the city to be a resident of the city and requiring all employees of the city to maintain their residences within the city as a condition for continued employment.
The New York State Constitution, Article IX, § 2, subd. c, provides:
 "(c) In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
 "(1) The * * * qualifications, * * * of its officers and employees * * *."
Municipal Home Rule Law, § 10(1[ii(a[1])]), contains similar provisions.
Qualifications of officers and employees include residence. We find no constitutional provision relating specifically to residence requirements of officers and of employees of a municipality. The only Consolidated Law relating to residence of municipal employees which applies to employees in general, as distinguished from certain specified employees (such as paid firemen of paid fire departments, which are dealt with in Public Officers Law, §§ 3 and 30) is Civil Service Law, § 23, subd. 4-a, which provides:
 "4-a. Residence restrictions for local positions. The state civil service department or municipal commission having jurisdiction over positions in a city or civil division may require that candidates for examination for appointment to any such positions be residents of such city or civil division, or residents of the county or judicial district in which such city or civil division is located, or of any reasonable combination of political subdivisions both in and outside of New York state contiguous to such city or civil division or contiguous to the political subdivision in which such city or civil division is located. An appointing authority of a department or agency of a city or civil division may require that eligibles who are residents of such city or civil division shall be certified first for appointment, provided, however, no such preference shall be given on appointments from promotion lists. Upon exhaustion of the list of such resident eligibles, certifications shall be made from the whole eligible list. This subdivision shall not be deemed to supersede any general or special law pertaining to residence qualifications of local officers or employees."
You will note that the last sentence of that subdivision contains a specific statement that it shall not be deemed to supersede any general or special law pertaining to residence qualifications of local † i.e., municipal) — officers and employees.
The New York State Constitution, Article IX, § 3, subd. d, par. 1, defines "general law" as "A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" and paragraph 4 defines "special law" as "A law which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages." Municipal Home Rule Law, § 2, subds. 5 and 12, respectively, contain the same definitions. Quite obviously, Civil Service Law, § 23, subd. 4-a, within the contemplation of New York State Constitution, Article IX, and the Municipal Home Rule Law, is not a general law but is a special law. That being the case, and because residence of employees is a qualification of employment concerning which a city may legislate by local law, except for those specific employments referred to in general laws, it is our opinion that a city, by local law, may impose reasonable residence qualifications applicable to employment and continuation in employment of municipal employees, with the above exceptions.
Civil Service Law, § 23, subd. 4-a, contains two elements. The first element authorizes the state or municipal civil service commission to require that candidates for examination for appointment be residents of the municipality or of certain clearly defined additional territory. Without such action on the part of the civil service authorities there is no restriction as to where candidates for examination for appointment shall live. The second element authorizes the appointing authority of a municipality to require that eligibles who reside in the municipality shall be certified first for appointment before nonresidents on the eligible list are appointed. A provision is contained that such local preference shall not extend to promotions, as distinguished from initial appointments. As stated above, it is our opinion that a municipality, by local law, may establish residence qualifications and we are of the opinion that these may be more restrictive than those set forth in the above section of the Civil Service Law with the exception above mentioned. However, the Civil Service Law contains no provisions relating to continued residence in a municipality by a municipal employee and we find no general statute applying to such employees in general (as distinguished from such certain particularized employments). Neither have we found any case law in the New York Courts which would indicate that a requirement for continuation of local residency as a condition for continued employment of a municipal employee would be improper. In our opinion, a city by local law may create such a requirement but a local law requiring present employees living outside of the city to move into the city in order to continue to qualify to be city employees could well be construed by the Courts to be an improper exercise of the home rule power.
The Attorney General's office does not issue opinions as to the validity of specific local laws and ordinances or to specific proposed local laws and ordinances, as this is a matter exclusively within the jurisdiction of the Courts. Nevertheless, we recommend that you examine the decisions in Shapiro v.Thompson, 394 U.S. 618 (1969); NLRB v. Borg-Warner Corp.,356 U.S. 342 (1958); Hanson v. Unified School District,364 F. Supp. 330 (1973); and Board of Education, Union Free SchoolDistrict No. 3, Town of Huntington v. Associated Teachers ofHuntington, 30 N.Y.2d 122 (1972).